UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- x

ANTHONY LIPARI,

                              Plaintiff,       **COMPLAINT**

             -against-

ETAIN, LLC, AMY PECKHAM, SANG CHOI,       Jury Trial Demanded
STEPHANIE KEEFFE,

                         Defendants.

---------------------------------------------------------------------- x

## PRELIMINARY STATEMENT

1.  Plaintiff, who is employed at Etain LLC's Manhattan location, brings this action against defendants alleging gender discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964; the New York State Human Rights Law, N.Y. Exec. Law §§ 290, *et seq*. ("NYSHRL"); and the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101, *et seq.* ("NYCHRL").  Plaintiff also claims that defendants violated New York common law by defaming him.  Plaintiff seeks compensatory and punitive damages, attorney's fees and costs, and such other and further relief as the Court deems just and proper.

## JURISDICTION & VENUE

2.  This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 1343, as this action asserts violations of federal anti-discrimination law, and therefore raises federal questions regarding the deprivation of plaintiff's rights.

3.  Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide his New York State and New York City claims, which form part of the same case and controversy as plaintiff's federal claims under Article III of the United States Constitution.  In connection with plaintiff's City Human Rights Law claims, a copy of this

complaint was provided to the New York City Commission on Human Rights and the Corporation Counsel of the City of New York, as required.

4.  Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because defendants are located in this District and the incident in question occurred in this District.

## JURY TRIAL

5.  Pursuant to Fed. R. Civ. P. 38, plaintiff demands a jury trial.

## ADMINISTRATIVE REQUIREMENTS

6.  Plaintiff timely filed an administrative charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on June 11, 2022.

7.  The EEOC issued plaintiff a right to sue letter on August 25, 2022, allowing him to bring suit within 90 days of his receipt of the letter.

## PARTIES

8.  Plaintiff is a resident of the State of New York.

9.  According to Etain's Twitter account, Etain is "New York's only family-run, women owned and operated medical cannabis company."  Etain is registered in New York as a Domestic Limited Liability Company.  Amy Peckham is the Chief Executive Officer of Etain and Sang Choi and Stephanie Keeffe are managers and supervisors.  Because these three individuals are in management, their discriminatory and other unlawful acts are imputed to Etain.

## STATEMENT OF FACTS

10.  On June 1, 2021, plaintiff Anthony Lipari was hired by Etain because of among other things, his knowledge and experience in the legal cannabis industry.  Etain hired plaintiff to be an assistant manager.  Plaintiff relocated from Massachusetts to New York for this

2

management position.  Plaintiff always performed his job in a satisfactory manner and was and is qualified for his position.

11.  At all relevant times, plaintiff was in the minority of males employed by Etain.  Etain overtly holds itself out as a women-owned and operated company on the internet, to the news media, and on its website.  At all relevant times, Etain, on its website, explained that it is a company committed to, its perception of, social justice regarding racism and other societal issues.  At all relevant times, in the "About" section of it's website, Etain stated: "It's often said that the future is female, but for the Etain Health team, womanhood is a state of past, present, and future simultaneously."

12.  While working for Etain, plaintiff has overheard Etain management stating such things as it only wishes to purchase products from women-owned companies.  *See* etainhealth.com/honeysuckle-magazine ("everything in Etain's stores originates from women-owned companies").  Etain's website also indicated, at all relevant times, that it partners with and purchases products from women-owned companies.  Plaintiff raised multiple times to the director of marketing, Jes Feuer, about purchasing items from solid reliable companies and her response was always: "Is it a women-owned company?  If not, it's a no."

13.  Plaintiff was subjected to adverse employment actions and a hostile work environment based on his gender and other traits and after filing an EEOC charge of discrimination.

14.  On March 22, 2022, Etain management, through Sang Choi, told plaintiff that the New York City flagship location must be diverse and that he does not fit into that mold or culture of the company.  Choi further told plaintiff that his male traits are too masculine for the company and that he was going to be terminated.  Plaintiff asked what he was doing wrong and

why nothing had ever been raised about his performance previously.  Choi had no answer but indicated she would get back to plaintiff if there was any way he could keep his job.

15.  Plaintiff was later told that he was demoted from assistant manager to assistant manager in training.  Etain management informed plaintiff that he was going to have to improve his performance, which was never before an issue, and said he was deficient in areas which Etain never raised previously.  Plaintiff was told by Etain management, including Stephanie Keeffe and Sang Choi, that he would be reinstated from assistant manager in training back to assistant manager if he received a positive 90 day performance review.  Plaintiff was being set up to fail or to be forced into resigning.

16.  Plaintiff was replaced by a woman, Danielle Larkin, who had little experience in the cannabis industry.  Etain also hired for a management position, Britt Buckner, who openly commented that she hates "white males" and talks negatively about patients/customers who she feels benefit from "white privilege."  This is tolerated by Etain's management.

17.  On June 11, 2022, plaintiff filed a charge of discrimination with the EEOC. Defendants were aware shortly before his filing that plaintiff was considering filing a charge with the EEOC.

18.  Shortly thereafter, defendants attempted to bring plaintiff up on false disciplinary charges in an attempt to terminate him or force him to resign for being a male and for complaining about discrimination.  On or about June 16, 2022, defendants Amy Peckham, Sang Choi and Stephanie Keeffe told plaintiff that he was going to be brought up on charges, specifically for "Disclosing Corporate Strategy," because he allegedly informed another employee, Engels Morcelo, that he was going to be replaced.  After he learned that plaintiff was being falsely accused, Morcelo told defendants that this never took place.  Further, in September

4

2022, defendants, through Sang Choi and Danielle Larkin, told plaintiff that he was going to be brought up on charges for using the wrong pronouns and creating a "hostile work environment" for several employees.  When plaintiff asked who complained about him and the dates and details, Etain management had no details.

19.   As stated earlier, plaintiff had been told by Etain management that he would be reinstated from assistant manager in training back to assistant manager if he received a positive 90 day performance review.  Plaintiff received a positive performance review on August 23, 2022, despite the attempts to discipline him on false charges, and defendants have failed to reinstate plaintiff or respond to his inquiries about being reinstated.  Defendants are attempting to force plaintiff into resigning.

20.   There are numerous indications on the internet which reveals Etain's bias in favor of women.  The following are a sample:

11:10

🔒 etainhealth.com



NEWS | 1/13/2022

# Etain featured on the cover of Mirror Review



6

**Female-Oriented Work Ambience**

Etain's commitment to empowering women makes the company one of a kind. Its majority female leadership team is partially by design and its female-oriented structure produces a comfortable place for women to work. The company harbors a staff size of 60 people within the state of New York.

With a compact strength, Etain aims for equity in the workplace**. The company prioritizes providing opportunities for the advancement and inclusion of women**. For instance, in its manufacturing facility, the company is focused on trying to get women back into the workplace after having kids. **About 70% of Etain's management is women, while 65% of the entire company is constituted of females**.

https://www.mirrorreview.com/etain-health-innovating-medical-marijuana.

**10:51**

Tweet

⇄ **Etain Retweeted**



**Women Grow**
@womengrow

· · ·

"There's something so special about a woman who dominates in a man's world. It takes a certain grace, strength, intelligence, fearlessness, and the nerve to never take no for an answer."

@ririgalbadd

#womengrow #womenincannabis #whorunstheworld #rihannaquotes



11:50

# Tweet

**Etain**
@EtainHealth

Women's Day is everyday 🤍 🖤
#InternationalWomensDay2022
#InternationalWomensDay
#HappyWomensDay



10:49

**Tweet**



Etain
@EtainHealth

It's 4/20! More is more.
@WeedFromWomen #420day
#buyweedfromwomen



10:01 AM · 4/20/22 · Twitter for iPhone

21.  As a result of the defendants' actions, plaintiff suffered emotional distress, fear, embarrassment, humiliation, fear, anxiety, and damage to his personal and professional reputation.

## FIRST CLAIM

### (Gender Discrimination under Title VII)

### (Against Defendant Etain)

22.  Plaintiff repeats the foregoing allegations.

23.  Defendant Etain discriminated against plaintiff with respect to the terms and conditions of his employment on the basis of his gender in violation of Title VII.  Because the individuals who perpetrated the discrimination were managers and supervisors, their conduct is imputed to Etain.

24.  Defendant's conduct caused plaintiff to suffer various personal injuries, including the injuries described herein.

25.  As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

## SECOND CLAIM

### (Retaliation    for    Complaining    about    Discrimination under Title VII)

### (Against Defendant Etain)

26.  Plaintiff repeats the foregoing allegations.

27.  Defendant Etain retaliated against plaintiff with respect to the terms and conditions of his employment on the basis of his complaint(s) regarding discrimination in violation of Title VII.  Because the individuals who perpetrated the discrimination were managers and supervisors, their conduct is imputed to Etain.

28. Defendant's conduct caused plaintiff to suffer various personal injuries, including the injuries described herein.

29. As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

## THIRD CLAIM

### (Gender Discrimination under the NYSHRL)

### (Against all Defendants)

30. Plaintiff repeats the foregoing allegations.

31. Defendants discriminated against plaintiff with respect to the terms and conditions of his employment on the basis of his gender in violation of the NYSHRL.  Because the individuals who perpetrated the discrimination were managers and supervisors, their conduct is imputed to Etain.

32. The individual defendants are individually liable for their own misconduct and/or for aiding and abetting discrimination.

33. Defendants' conduct caused plaintiff to suffer various personal injuries, including the injuries described herein.

34. As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

## FOURTH CLAIM

### (Retaliation for Complaining about Discrimination under the NYSHRL)

### (Against all Defendants)

35. Plaintiff repeats the foregoing allegations.

36.  Defendants retaliated against plaintiff with respect to the terms and conditions of his employment on the basis of his complaint(s) regarding discrimination in violation of the NYSHRL.  Because the individuals who perpetrated the retaliation were managers and supervisors, their conduct is imputed to Etain.

37.  The individual defendants are individually liable for their own misconduct and/or for aiding and abetting retaliation.

38.  Defendants' conduct caused plaintiff to suffer various personal injuries, including the injuries described herein.

39.  As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

## FIFTH CLAIM

### (Gender Discrimination under the NYCHRL)

### (Against all Defendants)

40.  Plaintiff repeats the foregoing allegations.

41.  Defendants discriminated against plaintiff with respect to the terms and conditions of his employment on the basis of his gender in violation of the NYCHRL.  Because the individuals who perpetrated the discrimination were managers and supervisors, their conduct is imputed to Etain.

42.  The individual defendants are individually liable for their own misconduct and/or for aiding and abetting discrimination.

43.  Defendants' conduct caused plaintiff to suffer various personal injuries, including the injuries described herein.

44.  As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

## SIXTH CLAIM

### (Retaliation for Complaining about Discrimination under the NYCHRL)

### (Against all Defendants)

45.  Plaintiff repeats the foregoing allegations.

46.  Defendants retaliated against plaintiff with respect to the terms and conditions of his employment on the basis of his complaint(s) regarding discrimination in violation of the NYCHRL.  Because the individuals who perpetrated the retaliation were managers and supervisors, their conduct is imputed to Etain.

47.  The individual defendants are individually liable for their own misconduct and/or for aiding and abetting retaliation.

48.  Defendants' conduct caused plaintiff to suffer various personal injuries, including the injuries described herein.

49.  As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

## SEVENTH CLAIM

### (Defamation *Per Se* under New York Law)

### (Against all Defendants)

50.  Plaintiff repeats the foregoing allegations.

51.  Defendants' misconduct toward plaintiff, as detailed herein, in whole or in part, constituted defamation *per se* under New York law.  Because the individual defendants were acting within the scope of their employment when they engaged in the aforesaid

14

misconduct, Etain is vicariously liable.  Defendants' false statements regarding plaintiff,

including that he disclosed corporate strategy and created a hostile work environment for several

employees, maligned plaintiff in his trade and profession and constitutes defamation *per se*.

      52.  Defendants' conduct caused plaintiff to suffer various personal injuries,

including the injuries described herein.

      53.  As a result of the foregoing, plaintiff is entitled to compensatory and punitive

damages in an amount to be determined at trial.

      WHEREFORE, plaintiff requests the following relief jointly and severally against

the defendants:

      a.     Compensatory damages in an amount to be determined by a jury;

      b.     Punitive damages in an amount to be determined by a jury;

      c.     Attorney's fees and costs;

      d.     Prejudgment and other lawful interest;

      e.     Such other and further relief as the Court may deem just and proper.

DATED:  October 6, 2022

      */s/ Richard Cardinale*

      _____

      RICHARD CARDINALE
      Attorney at Law
      26 Court Street, Suite # 1507
      Brooklyn, New York 11242
      (718) 624-9391(w)
      (917) 685-2853 (c)
      richcardinale@gmail.com
      website: richardcardinalelaw.com